UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SETON COMPANY,

       Plaintiff,

v.                                                   Case No. 02-71118

LEAR CORPORATION,               Honorable Patrick J. Duggan

       Defendant.
_____/


## OPINION AND ORDER DENYING LEAR'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on MAY 9, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiff Seton Company ("Seton") brought this lawsuit against Defendant Lear Corporation ("Lear") alleging that Lear breached a contract to buy leather from Seton for seats Lear manufactured for General Motors Corporation ("GM"). The contract related to seats for an upcoming GM vehicle platform called the "GMT 800 Program." A critical issue in this litigation is whether the contract between Seton and Lear contained a "life of the program" provision. Lear now seeks to obtain an unfiled, draft complaint in an unrelated matter in order to demonstrate that Seton understood the contract was not for

1

the life of the program and/or that Seton engaged in witness tampering to prevent a former Seton employee from testifying that Seton understood the contract was not for the life of the program. Presently before the Court is Lear's motion to compel the disclosure of the unfiled complaint.

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." FED. R. CIV. P. 26(b)(1). The Rule further provides, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Court stated on the record on April 7, 2005, the unfiled complaint constitutes inadmissible hearsay and the Court does not believe that its disclosure would lead to admissible evidence. Additionally, the Sixth Circuit Court of Appeals recently held, as a matter of first impression, that communications made in furtherance of settlement negotiations are privileged and protected from third-party discovery *even after a case is closed* pursuant to Rule 408 of the Federal Rules of Evidence. *Goodyear Tire & Rubber Company v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003). As the unfiled complaint apparently was presented to Seton's counsel as a settlement technique, the Court further finds that it is not subject to disclosure because it is privileged.

For these reasons, as previously set forth on the record, the Court concludes that Seton should not be compelled to produce Hammond's unfiled, draft complaint.

Accordingly,

**IT IS ORDERED**, that Lear's motion to compel is **DENIED**.

                                                                      _____
                                                                      s/PATRICK J. DUGGAN
                                                                      UNITED STATES DISTRICT JUDGE

Copies to:
Robert L. Begleiter, Esq.
Lyle D. Russell, Esq.
Thomas J. Wiegand, Esq.
Thomas J. Tallerico, Esq.
Phyllis Golden Morey, Esq.