UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETON COMPANY,

       Plaintiff,

v.                                          Case No. 02-71118

LEAR CORPORATION,                 Honorable Patrick J. Duggan

       Defendant.
_____/

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
LEAR'S MOTION TO COMPEL THE DEPOSITION OF RODNEY HAMMOND
AND PRODUCTION OF SETON DOCUMENTS</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan on MAY 12, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff Seton Company ("Seton") brought this lawsuit against Defendant Lear Corporation ("Lear") alleging that Lear breached a contract to buy leather from Seton for seats Lear manufactured for General Motors Corporation ("GM"). Presently before the Court is Lear's motion to compel the deposition of Rodney Hammond ("Hammond") and production of Seton documents. In its motion, Lear asks the Court for the following orders: (1) to compel Seton to make Hammond available for deposition to the extent Seton is able under any cooperation, settlement, or other agreement with him; (2) to

1

compel Seton to produce any internal Seton communications or other documents regarding Hammond's conversations or beliefs regarding the relationship between Lear and Seton at issue in this lawsuit; (3) to compel Seton to produce any documents relating to any circumstances of Hammond's departure from Seton and any efforts to produce or prepare Hammond for his deposition in this lawsuit; and (4) sanctions for Seton's conduct with respect to Lear's attempts to secure Hammond's deposition and the above documents. The Court held a hearing on Lear's motion to compel on May 11, 2005.

For the reasons set forth at the May 11 hearing, the Court concludes that Lear should be able to seek Hammond's deposition even though discovery has closed. Seton represented at the hearing that it has no agreement with Hammond rendering Seton capable of compelling his deposition. Seton's counsel agreed, however, to cooperate with Lear's counsel in contacting Hammond's counsel to encourage and/or arrange for Hammond's deposition.

For the reasons set forth at the May 11 hearing, the Court also concludes that Seton should conduct a search for documents responsive to Lear's requests, such search to cover the entire year of 2004. If Seton believes any responsive documents discovered in its search to be privileged, Seton shall list those documents on its privilege log; *however*, this requirement does not apply to any documents Seton believes are privileged because the documents relate to settlement discussions and/or negotiations between Seton's counsel and Hammond's counsel in the dispute between those parties.

The Court is not convinced that sanctions against Seton are warranted at this time.

**IT IS SO ORDERED**.

s/Patrick J. Duggan
                        Patrick J. Duggan
                        United States District Judge

Dated: May 12, 2005

I hereby certify that a copy of the foregoing document was served upon Robert Begleiter, Lyle Russell, Kimball Anderson, Thomas Tallerico and Phyllis Morey on May 12, 2005, by electronic and/or ordinary mail.

                        s/Marilyn Orem
                        Case Manager