UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETON COMPANY,

       Plaintiff,

v.                                            Case No. 02-71118

LEAR CORPORATION,                 Honorable Patrick J. Duggan

       Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE LEAR'S MOTION *IN LIMINE* TO PRECLUDE SETON'S WITNESSES FROM IMPROPERLY TESTIFYING TO INADMISSIBLE HEARSAY EVIDENCE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan on MAY 13, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Plaintiff Seton Company ("Seton") brought this lawsuit against Defendant Lear Corporation ("Lear") alleging that Lear anticipatorily breached a contract to buy leather from Seton for seats Lear manufactured for General Motors Corporation ("GM"). Presently before the Court is Lear's Motion *In Limine* to Preclude Seton's Witnesses from Improperly Testifying to Inadmissible Evidence. Specifically, Lear objects to testimony by Ingo Griessmann ("Griessmann") and other Seton employees as to what Nicholas Showich ("Showich"), a former Seton employee, told them regarding the alleged oral agreement between the parties. Lear argues that such testimony

1

constitutes hearsay, inadmissible pursuant to Rule 802 of the Federal Rules of Evidence.

As defined in Rule 801 of the Federal Rules of Evidence, " '[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801. It is impossible for this Court to determine at this time exactly what the testimony of Griessmann (or any other Seton employee) might be. Lear seems to suggest that, as long as the witness is not testifying as to what Showich told them, the testimony would not be inadmissible hearsay. However, if the witness is testifying as to what he or she learned and is offering that testimony for the truth of the matter asserted, the testimony may well be inadmissible hearsay. But until this Court knows exactly what the testimony will be that is being offered, the Court cannot make a proper ruling at this time.

For the reasons set forth above,

**IT IS ORDERED**, that Lear's Motion *In Limine* to Preclude Seton's Witnesses from Improperly Testifying to Inadmissible Hearsay Evidence is **DENIED WITHOUT PREJUDICE**.

                                            s/PATRICK DUGGAN
                                            PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Robert L. Begleiter, Esq.
Lyle D. Russell, Esq.
Kimball R. Anderson, Esq.
Thomas J. Tallerico, Esq.
Phyllis Golden Morey, Esq.