UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETON COMPANY,

       Plaintiff,

v.                                          Case No. 02-71118

LEAR CORPORATION,                Honorable Patrick J. Duggan

       Defendant.
_____/

**OPINION AND ORDER GRANTING LEAR'S MOTION *IN LIMINE* TO PROHIBIT SETON FROM INTRODUCING AT TRIAL ANY EVIDENCE OF LOST PROFITS DAMAGES FROM SETON'S PURPORTED LOST SUPPLIER REBATES**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan on MAY 13, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Plaintiff Seton Company ("Seton") brought this lawsuit against Defendant Lear Corporation ("Lear") alleging that Lear anticipatorily breached a contract to buy leather from Seton for seats Lear manufactured for General Motors Corporation ("GM"). Presently before the Court is Lear's Motion *In Limine* to Prohibit Seton from Introducing at Trial Any Evidence of Lost Profits Damages from Seton's Purported Lost Supplier Rebates. Specifically, Lear seeks to preclude Seton from introducing any evidence regarding contracts Seton purportedly entered into with its raw leather suppliers that required the raw leather suppliers to pay cash rebates to Seton if Seton purchased

1

specified volumes of raw leather. Seton has indicated that Lear's breach of the parties' contract caused Seton to purchase lower volumes of raw leather from its suppliers and, as a result, Seton suffered damages in the form of lower cash rebates from its leather suppliers.

Under Michigan law, "damages recoverable for breach of contract are those that arise naturally from the breach and were within the contemplation of the parties at the time the contract was executed." *Parmet Homes, Inc. v. Republic Ins. Co.*, 111 Mich. App. 140, 149, 314 N.W.2d 453 (1981)(citing *Kewin v. Mass. Mutual Life Ins. Co.*, 409 Mich. 401, 420, 295 N.W.2d 50 (1980)). "Loss of profits which result from the breach may be considered in assessing damages." *Id.* at 149-50, 314 N.W.2d 453 (citing *Lorenz Supply Co. v. Am. Standard, Inc.*, 100 Mich. App. 600, 611, 300 N.W.2d 335 (1980)). Michigan courts, however, do not view a loss resulting from "the failure of another venture unknown to the defendant" as resulting from the breach. *Id.* at 150, 314 N.W.2d 453 (citing *Lorenz*, 100 Mich. App. at 611-12 and cases therein).

The Court finds that Seton's purported contracts with its raw leather suppliers were not contemplated by the parties at the time the contract between Seton and Lear was executed. Contrary to Seton's assertion, the fact that such low volume rebate agreements may be"common industry practice," does not mean that Lear contemplated such agreements when it entered into its contract with Seton. These alleged damages– i.e. reduced volume rebates– are distinguishable from those sought in the case cited by Seton in response to Lear's motion: *Barker v. Underwriters at Lloyd's, London*, 564 F. Supp. 352 (E.D. Mich. 1983). *Barker* involved insureds' actions against insurance underwriters and an insurance company based on the defendants' alleged failure to pay claims for fire loss. 564 F. Supp. at 354. The plaintiffs alleged that they suffered

consequential damages in the form of attorneys' fees, litigations costs in an action commenced by the bank that held a loan on the properties damaged, loan default costs, and damage to their credit reputation. *Id.* at 358. It is clear that the defendants in *Barker* not only contemplated, but in fact were aware, that the insureds' property was subject to a loan and that the insureds would likely suffer these damages as a result of the defendants' refusal to pay their claims.

Accordingly,

**IT IS ORDERED**, that Lear's Motion *In Limine* to Prohibit Seton from Introducing at Trial Any Evidence of Lost Profits Damages from Seton's Purported Lost Supplier Rebates is **GRANTED**.

s/PATRICK DUGGAN
PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Robert L. Begleiter, Esq.
Lyle D. Russell, Esq.
Kimball R. Anderson, Esq.
Thomas J. Tallerico, Esq.
Phyllis Golden Morey, Esq.