UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETON COMPANY,

       Plaintiff,

v.                                              Case No. 02-71118

LEAR CORPORATION,                  Honorable Patrick J. Duggan

       Defendant.
_____/

## OPINION AND ORDER GRANTING LEAR'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE RELATING TO 1995 LIFE OF THE PART DISCUSSIONS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan on MAY 13, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Plaintiff Seton Company ("Seton") brought this lawsuit against Defendant Lear Corporation ("Lear") alleging that Lear anticipatorily breached a contract to buy leather from Seton for seats Lear manufactured for General Motors Corporation ("GM"). Seton contends that it reached an oral agreement with Lear in late 1998, pursuant to which Lear agreed to purchase leather from Seton for an upcoming GM vehicle platform (the "GMT 800 Program") for the life of the program. Presently before the Court is Lear's motion *in limine* to preclude Seton from offering evidence of, or making any reference to, an alleged 1995 agreement between Seton and Lear. Lear argues that this evidence should be precluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

1

One of the key issues in this lawsuit is whether Seton and Lear in fact entered into an agreement in 1998 with respect to the GMT 800 Program and, if so, whether the terms of the agreement included a life of the program provision. Whether the parties had a life of the part agreement with respect to another vehicle platform– for example, the Oldsmobile and Buick G-Car and H-Car– is not relevant to this issue. Introduction of this evidence only will confuse the jury with respect to the relevant agreement and issues in this case. Moreover, the documents at issue were prepared by Seton and were not signed by Lear. Therefore, introduction of this evidence is likely to lead to a side-trial with respect to whether Seton's statements in those documents accurately reflect an agreement between the parties.

Thus the Court holds that evidence with respect to Seton's and Lear's alleged 1995 agreement is not admissible pursuant to Rules 402 and 403. Accordingly,

**IT IS ORDERED**, that Lear's Motion *In Limine* to Preclude Evidence Relating to 1995 Life of the Part Discussions is **GRANTED**.

s/PATRICK DUGGAN  
PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Robert L. Begleiter, Esq.
Lyle D. Russell, Esq.
Kimball R. Anderson, Esq.
Thomas J. Tallerico, Esq.
Phyllis Golden Morey, Esq.