UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SETON COMPANY,

      Plaintiff,

v.                                     Case No. 02-71118

LEAR CORPORATION,               Honorable Patrick J. Duggan

      Defendant.

_____/


**OPINION AND ORDER GRANTING LEAR'S MOTIONS _IN LIMINE_ TO PRECLUDE (1) AT TRIAL EVIDENCE OR ARGUMENT OF POST LAWSUIT SETTLEMENT NEGOTIATIONS; (2) EVIDENCE OF REPUDIATION OR BREACH AFTER THE DATE OF SETON'S COMPLAINT; AND (3) EVIDENCE AFTER JANUARY 25, 2002**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan on MAY 16, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On January 29, 2002, Plaintiff Seton Company ("Seton") filed this lawsuit against

Defendant Lear Corporation ("Lear"). At the present time, the only claims remaining in

Seton's amended complaint are claims alleging anticipatory breach and promissory

estoppel. Presently before the Court are three Motions _In Limine_ filed by Lear: (1) a

motion to preclude at trial evidence or argument of post lawsuit settlement negotiations;

(2) a motion to preclude evidence of repudiation or breach after the date of Seton's

complaint; and (3) a motion to preclude evidence after January 25, 2002.[1]

Seton alleges that Lear repudiated the parties' contract on and before January 22 or 23, 2002.  On January 25, Seton sent a letter to Lear indicating Seton's belief that Lear had repudiated the contract, seeking a written retraction of Lear's anticipatory repudiation, and requesting other terms.  As previously indicated, Seton filed suit against Lear on January 29.

Michigan's Uniform Commercial Code grants the parties to a contract the following options "[w]hen either party repudiates the contract with respect to a performance not yet due," the party may "(a) for a commercially reasonable time await performance by the repudiating party; or (b) resort to a remedy for breach . . . even though he has notified the repudiating party that he would await the latter's performance and has urged retraction . . ."  MICH. COMP. LAWS ANN. § 440.2610.  In this case, Seton elected to resort to a remedy for breach by filing this lawsuit.  On the date Seton filed its lawsuit, it believed Lear already anticipatorily breached the parties' agreement.  As a result, this Court finds any conduct after that date irrelevant to the claims in Seton's lawsuit and therefore inadmissible.

Moreover, several exhibits at issue also are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.  These exhibits include the following documents attached to Lear's Motion to Preclude at Trial Evidence or Arguments of Post Lawsuit Settlement Negotiations: a letter from Seton to Lear dated February 2, 2002 (Ex. 3; PTX0153); a letter from Lear to Seton dated February 4, 2002 (Ex. 5; PTX0154); and a letter from Seton to Lear dated February 5, 2002.  Also included is a letter from Seton to

---

[1]Lear has attached a letter it received from Seton, dated January 25, 2002.  The Court does not view Lear's motions as addressing the admissibility of this letter.

Lear dated February 7, 2002 (PTX0162).  Contrary to Seton's assertions in response to

Lear's motion, this Court finds that these documents refer to Seton's lawsuit and

constitute offers to compromise.[2]

Accordingly,

**IT IS ORDERED**, that Lear's Motion *In Limine* to Preclude at Trial Evidence of

Argument of Post Lawsuit Settlement Negotiations is **GRANTED**;

**IT IS FURTHER ORDERED**, that Lear's Motion *In Limine* to Preclude Evidence

After January 25, 2002, is **GRANTED**;

**IT IS FURTHER ORDERED**, that Lear's Motion *In Limine* to Preclude Evidence

of Repudiation or Breach After the Date of Seton's Complaint is **GRANTED**.


                                          s/PATRICK DUGGAN
                                          PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Robert L. Begleiter, Esq.
Lyle D. Russell, Esq.
Kimball R. Anderson, Esq.
Thomas J. Tallerico, Esq.
Phyllis Golden Morey, Esq.

---

[2]The remaining documents attached as exhibits to Lear's motion, in this Court's view, do not constitute offers to compromise or evidence conduct or statements made in compromise negotiations.  As the Court set forth above, however, these documents are not relevant and therefore are inadmissible.