UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETON COMPANY,

      Plaintiff,

v.                                     Case No. 02-71118

LEAR CORPORATION,                Honorable Patrick J. Duggan

      Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF SETON COMPANY'S MOTION TO SET THE ACTUAL AMOUNT OF PREJUDGMENT INTEREST

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan on September 27, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

This diversity lawsuit, filed January 29, 2002, arises from a contract between Plaintiff Seton Company ("Seton") and Defendant Lear Corporation ("Lear"), pursuant to which Lear agreed to buy cut-to-pattern leather from Seton for seats Lear manufactured for General Motors Corporation. On May 17, 2005, a jury trial began on Seton's then remaining anticipatory repudiation and promissory estoppel claims. The jury began deliberating on May 25, after seven days of trial testimony, and reached a jury verdict in favor of Seton on its anticipatory repudiation claim.[1] The jury awarded Seton damages

---

[1] The jury verdict form instructed that, if the jury entered a verdict in Seton's favor on its anticipatory repudiation claim, the jury should not enter a verdict with respect to Seton's promissory estoppel claim.

1

in the amount of $30 million. On May 26, 2005, this Court entered Judgment in favor of Seton in the amount of "$30,000,000.00, with interest as provided by law, and its costs of action." Presently before the Court is Seton's motion asking the Court to set the actual amount of prejudgment interest to which it is entitled pursuant to Michigan law.

In its motion, Seton asks the Court to calculate prejudgment interest on the entire $30 million from the date of the filing of its complaint. Lear objects to Seton's calculation, arguing that prejudgment interest only should be calculated from the date the damages accrued. Lear argues that Seton only began to lose profits on the parties' contract in mid-2002– several months after Seton filed its complaint– and that some of Seton's damages still have not accrued. According to Lear, over $3 million of the $30 million in lost profits awarded by the jury will not accrue until after July 1, 2005. Lear does not argue that Seton's calculations are incorrect with respect to the amount of prejudgment interest due, if Seton is correct with respect to its theory of how prejudgment interest should be calculated.

Prejudgment interest must be determined under state law when federal court jurisdiction is based upon diversity of citizenship, as it is in this case. *Perceptron, Inc. v. Sensor Adaptive Mach., Inc.*, 221 F.3d 913, 922 (6th Cir. 2000)(citations omitted). Michigan law applies in this case. Pursuant to Michigan law, prejudgment interest is calculated "from the date of filing the complaint" and is calculated "on the entire amount of the money judgment, including attorney fees and other costs." MICH. COMP. LAWS ANN. § 600.6013 (2005 Supp.). For cases filed on or after October 1, 1986, the statute provides that "interest is not allowed on future damages from the date of filing the complaint to the date of entry of the judgment." MICH. COMP. LAWS ANN. §

2

600.6013(1).  However the subsection further provides that "future damages," as used in the subsection, "means that term as defined in section 6301."  *Id.*  Section 6301 defines "future damages" only as "damages arising from personal injury which the trier of fact finds will accrue after the damage findings are made . . ."  MICH. COMP. LAWS ANN. § 600.6301(a).

The Michigan courts have been split on the issue of whether prejudgment interest should be calculated on the entire judgment from the date the complaint was filed when certain monetary claims included in the judgment had not accrued at the time of filing.  *Compare Beach v. State Farm Mut. Auto. Ins. Co.*, 216 Mich. App. 612, 624-25, 550 N.W.2d 580 (1996)(holding that prejudgment interest on post-complaint damages should be calculated from the date the claim arose, not the filing of the complaint); *McKelvie v. Auto Club Ins. Ass'n*, 203 Mich. App. 331, 512 N.W.2d 74 (1994)(same); *Farmers Ins. Group v. Lynch and Home Mut. Ins. Co.*, 186 Mich. App. 537, 465 N.W.2d 21 (1990)(same); *with H.J. Tucker and Assoc., Inc. v. Allied Chucker and Eng'g Co.*, 234 Mich. App. 550, 562, 595 N.W.2d 176, 183 (1999)(affirming an award of prejudgment interest on the entire judgment, "including the portion of damages that reflected commissions due after the complaint was filed but before entry of judgment, from the date the original complaint was filed); *Om-El Export Co. v. Newcor, Inc.*, 154 Mich. App. 471, 481, 398 N.W.2d 440, 445 (1986)(holding that trial court did not err in awarding interest from date complaint filed on portion of damages award representing future commissions).  The Michigan Supreme Court has not addressed the issue.  The Sixth Circuit recently ruled, however, that "Michigan law requires that prejudgment interest be calculated . . . on the entire judgment from the date that the

3

complaint was filed", even when some damages accrued after the complaint was filed. *Perceptron*, 221 F.3d at 923-24.

The defendant in *Perceptron* argued, as Lear argues here, that any interest should accrue only on a pro-rata basis from the time that the damages arose. *Id.* at 923. Although acknowledging two lines of authority from the Michigan Court of Appeals, the Sixth Circuit concluded that the plain language of Michigan's prejudgment interest statute requires that prejudgment interest be calculated on the entire award from the filing of the complaint. *Id.* The court reasoned that the statute "is remedial in nature and is to be construed liberally in favor of the prevailing party." *Id.* (citing *Denham v. Bedford*, 407 Mich. 517, 287 N.W.2d 168 (1980) and *Phinney v. Perlmutter*, 222 Mich. App. 513, 564 N.W.2d 532, 549 (1997)). Additionally, the court noted that "[t]he purpose of awarding statutory prejudgment interest is not only to compensate the prevailing party for the delay in the use of the money, but also to offset the costs of bringing the action and to provide an incentive for prompt settlement." *Id.* (citing *Hadfield v. Oakland County Drain Comm'r*, 218 Mich. App. 351, 554 N.W.2d 43, 46 (1996)). Following *Perceptron*, the Sixth Circuit recently held in an unpublished opinion that prejudgment interest calculated from the filing of the complaint should include future damages awarded to the plaintiff on its breach of contract claim. *Advanced Accessory Sys., LLC v. Gibbs*, Case Nos. 01-1740, 01-1796, 01-2245, 2003 WL 21674748, at *6-7 (6th Cir. July 16, 2003).

Although the Michigan courts are split on this issue and the Sixth Circuit issued at least one unpublished opinion prior to *Perceptron* in which the court held that prejudgment interest should not be awarded on future damages, *see BGB Pet Supply,*

4

*Inc. v. Nutro Products, Inc.*, No. 96-1337, 1197 WL 476519 (6th Cir. Aug. 19, 1997), this Court is bound by the Sixth Circuit's recent published decision in *Perceptron*. Furthermore, as Chief Justice Corrigan wrote in concurring with the Michigan Supreme Court's decision to deny leave to appeal in *Buzzitta v. Larizza Industries, Inc.*, 465 Mich. 975, 641 N.W.2d 593 (2002), "[t]he statutory scheme [of § 600.6013]. . . appears to require courts to award prejudgment interest on future damages in any case that does not involve a personal injury." As Justice Corrigan further wrote, "courts are bound to apply the statute as written." *Id.* at 975, 641 N.W.2d at 594.

The Court therefore concludes that Seton is entitled to prejudgment interest on the entire amount of the jury's award, calculated from the filing of its complaint. Accordingly,

**IT IS ORDERED**, that Seton's Motion to Set the Actual Amount of Prejudgment Interest is **GRANTED;**

**IT IS FURTHER ORDERED**, that Seton is awarded prejudgment interest in the amount of $4,725,415.39.

                                                          s/PATRICK J. DUGGAN
                                                          UNITED STATES DISTRICT JUDGE

Copies to:
Robert L. Begleiter, Esq.
Lyle D. Russell, Esq.
Kimball R. Anderson, Esq.
Thomas J. Tallerico, Esq.
Phyllis Golden Morey, Esq.